**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| ERIC KENNEDY SWARTLING | : | Case No.: 04-13154-RGM |
| | : | Chapter 7 |
| Debtor. | : | |
| | : | |
| In Re: | : | |
| | : | |
| ERIC KENNEDY SWARTLING | : | |
| | : | |
| Petitioner, | : | |
| v. | : | Adv. Proc. No. _____ |
| | : | |
| EDURNE SWARTLING | : | |
| | : | |
| and | : | |
| | : | |
| THE HONORABLE TYRONE E. MEDLEY, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**COMPLAINT SEEKING PERMANENT INJUNCTION AND SANCTIONS FOR**
**VIOLATION OF THE AUTOMATIC STAY AND/OR DISCHARGE STAY**

COMES NOW Eric Kennedy Swartling ("Swartling" or the "Petitioner"), through counsel, and brings this Complaint Seeking Permanent Injunction and Sanctions for Violation of the Automatic Stay and/or the Discharge Stay (the "Complaint") against Edurne Swartling ("Edurne"), Swartling's former wife, and the Honorable Tyrone E. Medley ("Judge Medley"), Judge for the Third Judicial District Court of Salt Lake County in the State of Utah, for violations of the automatic stay provisions of section 362

---

Linda D. Regenhardt, Esquire
*lregenhardt@garyreg.com*
GARY & REGENHARDT PLLC
8500 Leesburg Pike, Suite 7000
Vienna, Virginia 22182-2409
703.848.2828 | 703.893.9276 (fax)

and/or the discharge stay provisions of section 524 of the United States Bankruptcy Code (the "Bankruptcy Code"). In support of this Complaint, the Petitioner states as follows:

## Background

1. On July 26, 2004, the Petitioner filed for relief under Chapter 7 of the Bankruptcy Code.

2. The Petitioner's case was properly administered, and on November 5, 2004 the Petitioner was granted a discharge. On November 12, 2004, the Petitioner's case was closed.

3. Simultaneously herewith, the Petitioner is filing a Motion to Reopen his bankruptcy case in order to bring this action for violations of stay provisions of the Bankruptcy Code detailed herein.

4. Prior to the Petitioner's bankruptcy filing, the Petitioner and Edurne were divorced, and an Amended Decree of Divorce (the "Divorce Decree") was entered by the State of Utah on or about December 12, 2002.

5. Pursuant to the Divorce Decree, the Petitioner was ordered to refinance and consolidate the first and second mortgages on the couple's marital home (the "Home"), and to remove Edurne's name from the loans.

6. Due to the Petitioner's unemployment when the Divorce Decree was entered, he was unable to refinance the mortgages in time to prevent foreclosure.

7. The Home was sold at a "short sale," resulting in insufficient proceeds to pay the entire amount owed to the second mortgage holder, America First Federal Credit Union ("America First"). America First subsequently brought an action against the Petitioner and Edurne, as joint mortgage-holders, for approximately $50,000.00.

8. Petitioner properly listed America First as a creditor on his bankruptcy petition in the amount of $50,032.64.

9. Prior to the Petitioner's bankruptcy filing, Edurne filed two motions seeking a finding of contempt against the Petitioner in the Utah State Court for the failure to refinance the first and second mortgages on the Home pursuant to the Divorce Decree. An Evidentiary trial was held on the motions on July 27 and August 24, 2004.[1]

10. On or about September 15, 2004, Judge Medley entered a proposed Order finding the Petitioner in contempt of the Divorce Decree for his failure to refinance the first and second mortgages. *See Contempt Order*, attached hereto as Exhibit A. This proposed order was submitted to counsel for review, as pursuant to Utah Civil Procedure, orders become final within five (5) days of issuance unless a written objection is filed by counsel. Petitioner's Utah counsel promptly filed a Verified Request for Clarification of Ruling, which request has not been ruled upon, and to date, a final order has not been entered.

11. Pursuant to the Contempt Order, Petitioner was ordered to serve thirty (30) days in the Salt Lake County Jail. *See* Exhibit A at ¶ 1. The Order does, however, provide the Petitioner with a stay of ninety (90) days from the date of entry of the Order, giving the Petitioner an opportunity "purge" himself of his contempt by relieving Edurne from any liability whatsoever of the amounts due to America First, including judgment and attorney's fees as a result of America First's action against the Swartlings. *See id.*

12. If the Petitioner fails to purge his contempt, he is required to serve the jail sentence. In addition, Petitioner is required to pay damages incurred by Edurne for

---

[1] The trial was not stayed despite the filing of a Suggestion of Bankruptcy by the Debtor on August 12, 2004.

3

liability for the underlying debt owing to America First and the fees incurred by her in defending that action. Also, Petitioner was ordered to pay Edurne's attorneys fees and costs incurred in bringing the contempt issue before the court, from the date the motion was initially filed through the date of the evidentiary trial. *See id.* at ¶ 2 and 3.

13. The Court's order violates the automatic stay provisions of 11 U.S.C. § 362 and/or the discharge stay of 11 U.S.C. § 524.

### Jurisdiction

14. This court has jurisdiction under 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1409(a).

15. Applicable Bankruptcy Code provisions are 11 U.S.C. §§ 362 and 524.

### The Contempt Order Violates the Automatic Stay Provisions of the Bankruptcy Code and/or the Discharge Stay

16. Pursuant to 11 U.S.C. § 362(a)(1) and (6), the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the bankruptcy case was filed, or to recover a claim against the debtor that arose before the commencement of the bankruptcy case. Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case is also stayed. *See* 11 U.S.C § 362(a)(1) and (6).

17. The discharge stay provision of 11 U.S.C. § 524(a)(2) "operates as an injunction against the commencement or continuation of an action, employment of process, or an act to collect, recover or offset any such debt…." *See* 11 U.S.C. § 524(a)(2).

4

18. The Divorce Decree was entered on December 12, 2002. The motions for contempt were filed by Edurne prior to July 27, 2004 (date of first evidentiary hearing on the matter).

19. The Petitioner filed for bankruptcy protection on July 26, 2004.

20. The evidentiary hearings and Judge Medley's Contempt Order clearly violated the automatic stay provisions as they signify a "continuation" of a judicial proceeding that was commenced prior to the Petitioner's bankruptcy filing. In addition, Edurne's motion for a remedy for the Debtor's breach of the Divorce Decree is an act to collect a pre-petition claim, a violation of 11 U.S.C. § 362(a)(6). *See In re Trever Dill*, 300 B.R. 658, 665 (Bankr. E.D. Va. 2003).

21 To the extent Edurne and the Utah Court continued its efforts to enforce the Contempt Order after this case was closed and prior to its reopening, the Discharge Stay provisions of 11 U.S.C. § 524 were also violated.

**Judge Medley Erred by Issuing a Civil Contempt Order**

22. In his ruling, Judge Medley discusses the issue of a State's power to adjudicat6e a contempt hearing while the contemnor is currently in bankruptcy; however, his ruling is inconsistent with current law of the Eastern District of Virginia Bankruptcy Court.

23. Judge Medley states that "a contempt hearing is not an act to obtain or exercise control over any of the bankruptcy estate" and that the "any action" language of the Bankruptcy Code is not intended to restrict a state court from enforcing its own orders. *See Findings of Fact and Conclusions of Law*, attached hereto as Exhibit B, at ¶ 12. Further, the Court asserts that the "any action" language of the Bankruptcy Code is

5

not intended to prevent the Court from exercising concurrent jurisdiction and enforcing its order. *See id.* at ¶ 13.

24. By stating that the "any action" language of the Bankruptcy Code is not intended to prevent the court from enforcing its own orders, the Utah Court confuses civil versus criminal contempt proceedings, and each type of contempt's impact on the Bankruptcy Code's stay provisions.

25. In the Eastern District of Virginia, several cases address the relationship between state contempt proceedings and the automatic stay. *See, e.g.*, *In re Trever Dill*, 300 B.R. 658 (Bankr. E.D. Va. 2003); *In re Dunham*, 175 B.R. 615 (Bankr. E.D. Va. 1994); *In re Rook*, 102 B.R. 490 (Bankr. E.D. Va. 1989), *aff'd* 929 F.2d 694 (4th Cir. 1991) (unpublished opinion). In particular, *In re Trever Dill* addresses these issues with facts that are very similar to the case at bar.

26. In *In re Trever Dill*, a former spouse filed a Motion with the Bankruptcy Court to show cause as to why the debtor should not be held in contempt in a state court proceeding for allegedly making charges on a joint credit card, a violation of a divorce decree entered into prior to the debtor's bankruptcy filing. The state court found that the debtor was in contempt of the decree, and ordered him to be imprisoned, but stayed the imprisonment on the condition that the debtor purge himself of his contempt by paying his ex-wife the funds due on the credit card, and paying the costs and attorney's fees associated with the ex-wife's bringing of the contempt suit. *See In re Trever Dill*, 300 B.R. at 662-663.

6

27. In the automatic stay proceedings, the ex-wife asserted that the court did not have jurisdiction over the matter, and that she was not "collecting a debt," but only seeking a remedy from the debtor for his violations of the separation agreement. *See id.*

28. To determine if the automatic stay provisions apply, a court must first determine whether the contempt order is civil or criminal. To make this determination, the court must examine the provisions of the order itself and all the surrounding circumstances of the case. *See id.* at 667. An order which permits the contemnor to mitigate or avoid punishment consistent with the rights of another party to the litigation is considered a civil contempt order. *See id.* at 667. If, however, a contempt order incarcerates a party for a defined period of time, and offers no opportunity for the contemnor to purge the contempt, and does not serve to redress a private right, it is considered a criminal contempt order. *See id.* at 667 (citing *In re Moon*, 201 B.R. 79, 84 (Bankr. S.D.N.Y. 1996)); *see also In re Rook*, 102 B.R. at 494 (Bankr. E.D. Va. 1989). A criminal contempt order is put in place solely for the purpose of vindicating the dignity of the issuing court. *See In re Trever Dill*, 300 B.R. at 666-667.

29. A civil contempt order violates the automatic stay and/or discharge stay provision of the Bankruptcy Code. A criminal contempt order, on the other hand, does not.

30. In the present case, the Utah State Court rendered an order that clearly was a coercive attempt to vindicate Edurne's private rights. Although a jail sentence is ordered, the Petitioner is given the opportunity to mitigate or avoid punishment by "reliev[ing] the [ex-wife's] liability on the loan" and to pay the attorney's fees associated

with the action filed by America First.  Any money paid is to be paid directly to Edurne, and not to the State of Utah as a fine.

31.     The pursuit of the contempt action by Edurne and the court proceedings involved therein, when both Edurne and Judge Medley had full knowledge of the Petitioner's bankruptcy petition, clearly violates the automatic stay provisions.  Any attempt to enforce the contempt order after the Petitioner's case was closed violates the Discharge Stay provisions.

### Request for Relief

32.     The Petitioner will be irreparably harmed if the Utah State Court is permitted to enforce the Contempt Order.

33.     The Petitioner requests that the Utah State Court be permanently enjoined from enforcing the Contempt Order, and that the Order be vacated.

34.     The Petitioner further requests that Edurne dismiss, with prejudice, her motions for contempt filed in the Utah State Court.

35.      The Petitioner also requests that sanctions be issued against Edurne Swartlng and the Honorable Tyrone E. Medley for seeking to collect on a prepetition debt and continuing a proceeding to recover a discharged debt in violation of 11 U.S.C. §§ 362(a)(1), (a)(6), and 524.

36.     The Petitioner requests that he be awarded expenses and attorney's fees for defending the motions for contempt in the Utah State Court and for reopening this bankruptcy case in the Eastern District of Virginia.

WHEREFORE the Petitioner requests that this Court find that the ruling by the Utah Judge violates stay provisions of the Bankruptcy Code, that a permanent injunction

be issued immediately against the enforcement of the Contempt Order, that the Petitioner be granted fees and expenses associated with defending the contempt action against Edurne, that he be awarded fees and expenses in bringing this Complaint in the Bankruptcy Court, and that the Court grant the Petitioner such other relief as is just and proper.

    Respectfully Submitted,

    ERIC KENNEDY SWARTLING
    By Counsel,

/S/ Linda D. Regenhardt
Linda D. Regenhardt, Esquire VSB # 27455
GARY & REGENHARDT PLLC
8500 Leesburg Pike, Suite 7000
Vienna, VA 22182
(703) 848-2828
(703) 893-9276 facsimile
*Counsel for the Petitioner*