# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

ERIC KENNEDY SWARTLING,                  Case No. 04-13154-RGM
                                         (Chapter 7)
      Debtor.

ERIC KENNEDY SWARTLING,

      Complainant,

vs.                                      Ad. Proc. No. 04-1352

EDURNE SWARTLING *et als.,*

      Respondents.

## MEMORANDUM OPINION

Eric Kennedy Swartling, the debtor, and Edurne Swartling were divorced by a final decree of divorce entered by the Third Judicial District Court of Salt Lake County, Utah. One of the debtor's obligations to Ms. Swartling was to refinance the mortgages on the marital home and to hold her harmless from the debts. He did not do this. The property was sold and there was a $50,000 deficiency due to the junior lender which the lender sought to enforce against both the debtor and Ms. Swartling. The debtor resolved his liability to the lender by filing a petition in bankruptcy in this court and discharging his liability to the lender. Ms. Swartling asserted that the bankruptcy did not discharge his obligation to her and sought to enforce it by filing a contempt motion in the state court. The debtor sought to defend himself based on his discharge in bankruptcy and also sought to hold Ms. Swartling in contempt for various alleged violations of the final decree.

1

The debtor did not remove the state court contempt proceeding to this court and the matter

was heard by the state court.  After a hearing, including argument on the effect of the debtor's

discharge, the court found the debtor in contempt.  Ms. Swartling's counsel was directed to prepare

a proposed coercive order intended to bring the debtor into compliance with the final decree.[1]  After

the draft order was circulated but before it was entered by the court, the debtor filed a complaint in

this court seeking to enjoin the district court from enforcing the intended order and seeking damages

from both Ms. Swartling and the presiding judge.  The presiding judge filed a motion to dismiss,

asserting judicial immunity.


### Standard for Motion to Dismiss

The Court of Appeals for the Fourth Circuit recently reiterated the standard applicable for

motions to dismiss.  It said that a court

> may dismiss a complaint for failure to state a claim only if it appears beyond doubt
> that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v.*
> *Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing a Rule
> 12(b)(6) issue, we accept as true the factual allegations of the challenged complaint,
> see *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990),
> and we view those allegations in the light most favorable to the plaintiff, *Scheuer v.*
> *Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

*Lambeth v. Board of Commissioners,* 407 F.3d 266, 268 (4th Cir. 2005).

---

[1]The court also found Ms. Swartling in contempt on an issue unrelated to the mortgage.

## Judicial Immunity

Judges are absolutely immune for their judicial acts unless they act in the clear absence of

jurisdiction. *Clearinger v. Saxner,* 474 U.S. 193, 199, 106 S.Ct. 496, 499 (1985). The Supreme

Court stated:

> This Court has observed: "Few doctrines were more solidly established at common
> law than the immunity of judges from liability for damages for acts committed within
> their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-554, 87 S.Ct. 1213,
> 1217, 18 L.Ed.2d 288 (1967). The Court specifically has pronounced and followed
> this doctrine of the common law for more than a century. In *Bradley v. Fisher,* 13
> Wall. 335, 20 L.Ed. 646 (1872), it ruled that a federal judge may not be held
> accountable in damages for a judicial act taken within his court's jurisdiction. Such
> immunity applies "however erroneous the act may have been, and however injurious
> in its consequences it may have proved to the plaintiff." *Id.,* at 347. "Nor can this
> exemption of the judges from civil liability be affected by the motives with which
> their judicial acts are performed." *Ibid.* In *Pierson v. Ray, supra,* the Court held that
> absolute immunity shielded a municipal judge who was sued for damages under 42
> U.S.C. § 1983 by clergymen who alleged that he had convicted them
> unconstitutionally for a peaceful protest against racial segregation. The Court
> stressed that such immunity was essential to protect the integrity of the judicial
> process. 386 U.S., at 554, 87 S.Ct., at 1217. And in *Stump v. Sparkman,* 435 U.S.
> 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the Court once again enunciated this
> principle, despite any "informality with which [the judge] proceeded," and despite
> any *ex parte* feature of the proceeding. *Id.,* at 363, and n. 12, 98 S.Ct., at 1108, and
> n. 12.

*Clearinger v. Saxner,* 474 U.S. at 199, 106 S.Ct. at 499.

The state court clearly had jurisdiction over the matter. Both parties invoked the court's

jurisdiction. Both sought to hold the other in contempt for violations of the same final decree, a

decree of that court. In resolving those issues, the court addressed whether the debtor's obligations

were discharged in bankruptcy. The state court had concurrent jurisdiction with this court to

determine whether the failure to refinance the mortgages and the failure to hold Ms. Swartling

harmless were obligations excepted from discharge under §523(a)(5) of the Bankruptcy Code. *In*

*re Crawford,* 183 B.R. 103 (Bankr.W.D.Va. 1995). *See also* 4 Collier on Bankruptcy, 15th ed.,

¶523.03 (2005).  Since the presiding judge was clearly acting within his jurisdiction, he is absolutely

immune from any suit that seeks to hold him liable for his judgment whether that judgment is right

or wrong.[2]

## Injunction

Judicial immunity is not a bar to prospective injunctive relief against a state court judge

acting within his jurisdiction.  *Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1981 (1984).

However, consideration of judicial independence and the proper relation between federal and state

courts require caution in the exercise of that remedy.  The Supreme Court stated:

> The limitations already imposed by the requirements for obtaining equitable relief
> against any defendant – a showing of an inadequate remedy at law and of a serious
> risk of irreparable harm, *see Beacon Theatres, Inc. v. Westover,* 359 U.S. 500,
> 506-507, 79 S.Ct. 948, 954-955, 3 L.Ed.2d 988 (1959) – severely curtail the risk that
> judges will be harassed and their independence compromised by the threat of having
> to defend themselves against suits by disgruntled litigants.  Similar limitations serve
> to prevent harassment of judges through use of the writ of mandamus.  Because
> mandamus has "the unfortunate consequence of making the judge a litigant, obliged
> to obtain personal counsel or to leave his defense to one of the litigants before him,"
> the Court has stressed that it should be "reserved for really extraordinary causes." *Ex
> parte Fahey,* 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947).
> Occasionally, however, there are "really extraordinary causes" and, in such cases,

---

[2]This court expresses no opinion on whether the judgment was right or wrong and need not resolve that issue
to rule on the motion to dismiss.  Even taking the facts as pled in the light most favorable to the debtor, it is not possible
to resolve that issue on the pleadings.  The proposed Findings of Fact and Conclusions of Law drafted by Ms. Swartling's
counsel are unclear as to the analysis.  The proper analysis is to first determine whether the refinancing and hold harmless
obligations are obligations that fall within §523(a)(5) or §523(a)(15), that is, whether they are in fact in the nature of
alimony, support or maintenance under §523(a)(5) or, in the alternative, are property settlement obligations under
§523(a)(15).  If they are in the nature of alimony, support or maintenance, the state court may proceed to enforce the
obligations as it deems appropriate.  If they are not in the nature of alimony, support or maintenance, the obligations are
controlled by §523(a)(15).  Since Ms. Swartling did not seek a determination that the obligations were nondischargeable
– a determination that may be made only by this court – the obligations would be discharged and the state court may not
enforce them.  That does not prevent the state court from punishing the debtor for his misconduct.  It may enter a punitive
contempt order.  However, the penalty may not be conditioned upon honoring the hold harmless or remedying the
problem; nor may Ms. Swartling receive any compensation for her loss.  Any monetary penalty must be payable solely
to the state.  The purpose is to vindicate the court's dignity, not to compensate Ms. Swartling or effect a recovery on a
discharged debt.

there has been no suggestion that judicial immunity prevents the supervising court
from issuing the writ.

*Pulliam v. Allen,* 466 U.S. at 537-38, 104 S.Ct. at 1978-79.

In this case, no facts are alleged that suggest any extraordinary cause for issuance of an
injunction. In fact, the ordinary requirements for granting an injunction – no adequate remedy at
law and an irreparable injury – are absent. Nor are there any facts that could be pled that would
meet these requirements. The state court has not entered an order. The debtor objected to the entry
of the draft order and still has the opportunity to present his objections to the court. He may prevail.
In the event that he is unsuccessful, he has the right to appellate review. These are adequate
remedies at law. Nor is there an irreparable injury. If the judgment is sustained on appeal, the
debtor suffers no injury. The prospective incarceration is not an injury, but a penalty for his
misconduct.

### Concurrent Jurisdiction of State Court and *Res Judicata*

State courts and bankruptcy courts have concurrent jurisdiction over the determination of
§523(a)(5) nondischargeability claims. *In re Dill,* 300 B.R. 658 (Bankr.E.D.Va. 2003); *In re
Crawford,* 183 B.R. 103 (Bankr.W.D.Va. 1995). The debtor relies on *Dill,* but fails to consider
*Crawford. Crawford* correctly held that where both the state court and the bankruptcy court have
concurrent jurisdiction and the state court exercised its concurrent jurisdiction through a final order,
the decision of the state court will ordinarily be *res judicata.* It is not subject to relitigation in the
bankruptcy court. Nor will the bankruptcy court review the state court judgment. The litigants had
the opportunity to commence the case in the bankruptcy court or to remove it to the bankruptcy
court. These rights assure the litigants of a bankruptcy forum to litigate a bankruptcy issue. They

may not, however, wait until the matter has been fully litigated in the state court and then seek to

avoid an unfavorable outcome by relitigating the same matter in the bankruptcy court.[3]  In this case,

*res judicata* is not applicable because no final order has been entered in the Utah district court.[4]


### Conclusion

The motion to dismiss will be granted because the presiding judge is immune from any suit

for damages for actions taken in his judicial capacity and there are no facts that have been or that

may be alleged that would support enjoining enforcement of the prospective order.

Alexandria, Virginia
June 10, 2005

 /s/Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge


copies to:

John T. Donelan
Linda D. Regenhardt


12222

---

[3]*Dill* did not address the issue of *res judicata* because it was not raised by the parties.  *Res judicata* is an affirmative defense and must be pled.  F.R.Bankr.P. 7008 which incorporates F.R.Civ.P. 8(c).  The record was devoid of any evidence that the elements of *res judicata* had been satisfied.  Had the elements of *res judicata* been satisfied, the outcome would have been determined in accordance with *Crawford.*

[4]A draft order was prepared by counsel, but has not been entered.